UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ISAAC LAWSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action File No. _____ |
| ) | |
| GEORGIA-TEXAS OPERATING ) | |
| CO., INC. d/b/a TACO BELL, ) | |
| ) | **JURY TRIAL DEMANDED** |
| Defendant. ) | |
| ) | |

## COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

Plaintiff Isaac Lawson ("Plaintiff" or "Lawson"), files this Complaint for Damages and Equitable Relief against Defendant Georgia-Texas Operating Co., Inc. d/b/a Taco Bell ("Defendant" or "Taco Bell").

### INTRODUCTION

1. This is an employment case arising from Taco Bell's discrimination against Mr. Lawson as a result of his disability. Mr. Lawson suffers from Human Immunodeficiency Virus ("HIV"). When Taco Bell discovered Mr. Lawson had HIV, it immediately terminated him solely for this reason.

2. Plaintiff asserts a mixed motive and single motive discrimination claim under the Americans with Disabilities Act, Amendments Act of 2008, 42 U.S.C. §

1

12102 *et seq.* ("ADAAA). He seeks back pay and lost economic benefits of employment, reinstatement or front pay in lieu thereof, compensatory and punitive damages, and reasonable attorney's fees and costs, to remedy the violation of his civil rights.

## PARTIES

3. Plaintiff is a resident of Georgia.

4. Plaintiff worked for Defendant at a Taco Bell franchise location at 314 New Franklin Rd, LaGrange, GA 30240 (the "Restaurant").

5. Defendant Georgia-Texas Operating Co. owns and operates the Restaurant from which Plaintiff's claims arise and is a Georgia corporation.

6. Defendant owns and operates restaurants in this judicial district, and transacts business in this district.

7. Defendant is subject to the jurisdiction of this Court and may be served with process by personal service upon its registered agent, Charles Kuehl, 1955 Highway 34 East, Newnan, Georgia, 30265.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over the present action pursuant to 28 U.S.C. § 1331 and § 1343, and 42 U.S.C. § 12117.

9. Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391.

## ADMINISTRATIVE PROCEEDINGS

10. Plaintiff timely filed a Charge of Discrimination against Defendant with the United States Equal Employment Opportunity Commission ("EEOC"), received a Notice of Right to Sue from the EEOC within the last ninety (90) days, and has complied with all other conditions precedent to the assertion of his claims under the ADAAA.

## FACTS

11. Mr. Lawson is an individual living with an HIV positive diagnosis, a physical impairment that substantially limits him in having a functioning immune system.

12. Defendant hired Mr. Lawson to work as a shift leader beginning on or about June 4, 2021.

13. On June 13, 2021, Mr. Lawson was cashiering at the Restaurant and placed a food order for a customer and her two teenage daughters.

14. Unfortunately, the customer's credit card was declined several times when it attempted to purchase the items she ordered.

15. Mr. Lawson followed Defendant's policy, and informed the customer that her credit card was declined, and that he could not process the transaction.

16. The customer was upset and began to yell at Mr. Lawson and asked to speak to the manager.

17. A manager, Jordan [last name unknown], asked the customer to move to the end of the counter so he could better assist her and solve the issue.

18. The customer continued to yell and swear at Mr. Lawson and Jordan.

19. Eventually, the customer went to her car, retrieved a new credit card, completed the transaction, and left with her food.

20. After the customer left the Restaurant, Jordan never told Mr. Lawson that he acted inappropriately, harassed the customer, or was in the wrong in any way.

21. Mr. Lawson completed his shift and worked the following day, June 14, 2021.

22. On June 15, 2021, the customer called the Restaurant and spoke with General Manager Elaine Johnson on the phone.

23. The customer informed Ms. Johnson that Mr. Lawson was HIV positive.

24. Following that phone call, Ms. Johnson instructed another manager at the Restaurant, Kim [last name unknown], to terminate Mr. Lawson's employment because he had HIV.

25. Kim called Mr. Lawson and asked him outright: "Do you have HIV?"

26. Mr. Lawson responded that he did have HIV, but asked why that was relevant.

27. Kim explained to Mr. Lawson that the customer had informed Ms. Johnson that he was HIV positive.

28. Kim further shared, "the GM [Ms. Johnson] told me to fire you for being HIV positive. I'm not firing you, if you want to show up for work, you can, but I'm relaying the message."

29. The next day, Mr. Lawson came to work for his shift at the Restaurant.

30. Ms. Johnson saw Mr. Lawson and immediately terminated his employment.

31. Defendant discriminated against Plaintiff by terminating his employment for being HIV positive, a protected condition under the ADAAA.

## COUNT I

## DISABILITY DISCRIMINATION IN VIOLATION OF THE ADAAA

32. Plaintiff incorporates by paragraph 1 through 31 as if set forth fully herein.

33. At all relevant times, Plaintiff was an individual with a "disability" as defined by the ADAAA, 42 U.S.C. § 12012(1), because he (a) suffered physical impairments that substantially limited one or more major life activities, (b) had a record of such impairments, and/or (c) was regarded by Defendant as a person with such impairments.

34. Plaintiff was at all relevant times a "qualified individual" as that term is defined by the ADAAA, 42 U.S.C. § 12111(8), because he was able to perform the essential functions of his job with or without reasonable accommodation.

35. Defendant intentionally discriminated against Plaintiff by subjecting him to an adverse employment action when it terminated his employment because of his disability.

36. Defendant violated Plaintiff's rights under the ADAAA, 42 U.S.C. § 12112 by discriminating against him because of his disabilities (HIV status).

37. As a direct and proximate result of Defendant's intentional discrimination, Plaintiff has suffered out-of-pocket losses and has been deprived of

job-related economic benefits, including income in the form of wages and other benefits, including social security, all in an amount to be established at trial.

38. Defendant's actions were undertaken intentionally, willfully, and maliciously with respect to, or with reckless disregard for, Plaintiff's federally protected rights, and he is therefore entitled to punitive damages.

39. Plaintiff is entitled to be reinstated to employment by Defendant, and, if reinstatement is not feasible, he is entitled to an award of damages for future lost wages and benefits of employment.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands a **TRIAL BY JURY** and request that this Court grant the following relief against Defendant:

A. That the Court take jurisdiction of this matter;

B. That process be served;

C. That the Court grant a permanent injunction enjoining Defendant from discriminating against any qualified employees because of teir disability;

D. That the Court award Plaintiff full back pay and lost economic benefits of employment, including interest, all raises to which Plaintiff would

have been entitled, and all fringe benefits of employment, in an amount to be determined at the trial of this case;

E. That the Court award non-economic compensatory damages in an amount to be determined by the trier of fact;

F. That the Court award punitive damages against Defendant in an amount to be determined by the trier of fact;

G. That the Court enter an order reinstating Plaintiff to his employment with Defendant, or if this is not practicable, awarding Plaintiff front pay damages in lieu thereof;

H. An award of pre-judgment and post-judgment interest to Plaintiff;

I. An award of costs and expenses of this action together with reasonable attorneys' fees to Plaintiff; and

J. Such other and further relief as this Court deems just and proper.

Respectfully submitted October 26, 2022.

HALL & LAMPROS, LLP

/s/ *Gordon Van Remmen*
Gordon Van Remmen
Ga Bar No. 215512
Rachel Berlin Benjamin
Georgia Bar No. 707419
HALL & LAMPROS, LLP
300 Galleria Parkway
Suite 300

Atlanta, GA 30339
(404) 876-8100 telephone
(404) 876-3477 facsimile
gordon@hallandlampros.com
rachel@hallandlampros.com

*/s/ Joseph R. Padgett*
Joseph R. Padgett
Georgia Bar No. 872672
**RODEN LAW**
333 Commercial Drive
Savannah, GA 31406
Telephone: (912) 303-5850
Facsimile: (912) 303-5851
jpadgett@rodenlaw.com

*Attorneys for Plaintiff*